NICOLA T. HANNA
United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
THOMAS F. RYBARCZYK (Cal. Bar No. 316124)
Assistant United States Attorney
Public Corruption and Civil Rights Section
JEFFREY M. CHEMERINSKY (Cal. Bar No. 270756)
Assistant United States Attorney
Violence & Organized Crimes Section
     1500/1300 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-8452/6520
     Facsimile: (213) 894-0141
     E-mail:    thomas.rybarczyk@usdoj.gov
                jeffrey.chemerinsky@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 18-468(A)-SJO-2 |
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT MYRON CROSBY |
| v. | |
| MYRON CROSBY, | |
| Defendant. | |

1. This constitutes the plea agreement between MYRON CROSBY ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2. Defendant agrees to:

            a.    At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to Count Six of the First Superseding Indictment ("FSI") in <u>United States v. William Crosby, et al.</u>, CR No. 18-468(A)-SJO, which charges defendant with Robbery of United States Property, in violation of 18 U.S.C. § 2114(a).

            b.    Not contest the Factual Basis agreed to in this agreement.

            c.    Abide by all agreements regarding sentencing contained in this agreement.

            d.    Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

            e.    Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

            f.    Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

            g.    Pay the applicable special assessments at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

                        THE USAO'S OBLIGATIONS

    3.    The USAO agrees to:

            a.    Not contest the Factual Basis agreed to in this agreement.

2

   b. Abide by all agreements regarding sentencing contained in this agreement.

   c. At the time of sentencing, move to dismiss the remaining counts of the FSI as against defendant.  Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

   d. At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

NATURE OF THE OFFENSES

 4. Defendant understands that for defendant to be guilty of the crime charged in Count Six of the FSI, that is, Robbery of United States Property, in violation of Title 18, United States Code, Section 2114(a), the following must be true: (1) defendant intentionally took from the person or the presence of another any mail matter or any other money or any other property of the United States then in the lawful charge, control, or custody of that person; (2) defendant took the property against the victim's will, by means of force, violence, or intimidation; and (3) while committing the robbery, the defendant jeopardized the life of the person by using a dangerous weapon.

 5. Defendant understands that defendant may be found guilty of the actions of other co-conspirators performed during the course and

in furtherance of a conspiracy, including the robbery of United States Property, in violation of 18 U.S.C. § 2114(a), as charged in Count Six of the FSI, if the government proves beyond a reasonable doubt the following, that: (1) a person committed the crime of robbery of United States property; (2) that person was a member of a conspiracy; (3) that person committed the crime of robbery of United States property, in furtherance of the conspiracy; (4) defendant was a member of the same conspiracy at the time that the offense was committed; and (5) the offense fell within the scope of the unlawful agreement between defendant and the person who committed the crime, and reasonably could have been foreseen to be a necessary or natural consequence of the unlawful agreement.

## PENALTIES AND RESTITUTION

6.  Defendant understands that the statutory maximum sentence that the Court can impose for a violation of 18 U.S.C. § 2114(a), is: 25 years' imprisonment; a 5-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7.  Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

4

8. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the Court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9. Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The Court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

10. Defendant understands that defendant will be required to pay full restitution to the victim(s) of the offenses to which defendant is pleading guilty. Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victim(s) of

the offenses to which defendant is pleading guilty and in amounts greater than those alleged in the counts to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offenses to which defendant is pleading guilty; and (b) any counts dismissed pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts.  The parties currently believe that the applicable amount of restitution is approximately $110,221, but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

## FACTUAL BASIS

11.  Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support pleas of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Beginning on a date prior to February 1, 2018 and continuing through a date in March 2018, defendant conspired with others to plan at least two robberies of United States Postal Service ("USPS") Trucks carrying proceeds.

On or February 1, 2018, defendant and his co-conspirators

organized the armed robbery of a USPS truck departing the Wagner Post Office, 2200 West Century Boulevard, Los Angeles, California (the "Wagner Post Office"). Amongst the information shared between defendant and his co-conspirators was the location of USPS trucks carrying USPS proceeds. On the date of the robbery, defendant traveled to the Wagner Post Office to oversee the robbery and serve as a lookout. During the robbery, defendant served as a lookout, as a co-conspirator, driving a white mini-van drove head-on toward the USPS truck driven by victim D.L. Victim D.L. stopped the USPS truck and a co-conspirator exited the minivan, displayed a handgun to victim D.L. and threatened victim D.L. After Victim D.L. opened the trailer in response to the threats, the co-conspirator stole the registered mail bag containing approximately $37,658 in USPS cash proceeds. The co-conspirator's brandishing of a firearm during the Wagner Post Office robbery was both intended and reasonably foreseeable to defendant.

On March 1, 2018, defendant helped plan the robbery of a USPS truck carrying the registered mail bags containing USPS cash proceeds departing from the Dockweiler Post Office, 3585 Vermont Avenue, Los Angeles, California (the "Dockweiler Post Office"). On that date, defendant rented a Mercedes G-Wagon Sports Utility Vehicle ("Mercedes SUV"). Defendant traveled to an Arco Gas Station located near the Dockweiler Post Office where he waited in the SUV for the USPS truck. After the USPS truck departed the Dockweiler Post Office, defendant and his co-conspirators followed the USPS truck onto the 110 South Freeway in their respective vehicles. Defendant maneuvered his Mercedes SUV to be directly in front of the USPS truck as it exited the 110 Freeway at the Slauson Avenue exit. After defendant reached

the end of the off-ramp, defendant stopped his Mercedes SUV and blocked the USPS truck's exit from the off-ramp. As defendant blocked the USPS truck's exit in his Mercedes SUV, defendant allowed his co-conspirator in a different SUV behind the USPS truck to run up to the USPS truck's door, brandish and point a handgun at victim X.W., and order victim X.W. out of the truck. Defendant waited until his co-conspirator got victim X.W. out of the USPS truck before turning on to Slauson Avenue. The co-conspirator grabbed victim X.W. by the shirt, pulled him by that shirt to the lock on the back of the USPS truck, and ordered victim X.W. to open the USPS truck. In response to the threats, Victim X.W. opened the back of the USPS truck and the co-conspirator grabbed the registered mail bag containing approximately $72,563 in cash proceeds and fled. The co-conspirator's use and brandishing of a firearm during the Dockweiler Post Office robbery was both intended and reasonably foreseeable to defendant.

The total loss to the USPS from the Wagner Post Office and the Dockweiler Post Office robberies was at least $110,221.

## SENTENCING FACTORS

12. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will

1  be free to exercise its discretion to impose any sentence it finds
2  appropriate up to the maximum set by statute for the crimes of
3  conviction.
4       13.  Defendant and the USAO agree to the following applicable
5  Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 20 | [U.S.S.G. § 2B3.1(a)] |
| Specific Offense Characteristics [Post Office Property] | +2 | [U.S.S.G. § 2B3.1(b)(2)(A)] |
| Specific Offense Characteristics [Firearm Used] | +6 | [U.S.S.G. § 2B3.1(b)(2)(B)] |
| Specific Offense Characteristics [Loss Exceeding $20,000] | +1 | [U.S.S.G. § 2B3.1(b)(7)(B)] |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.

   14.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

   15.  Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

   16.  Defendant understands that by pleading guilty, defendant gives up the following rights:

   a.  The right to persist in a plea of not guilty.
   b.  The right to a speedy and public trial by jury.

      c.    The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

      d.    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

      e.    The right to confront and cross-examine witnesses against defendant.

      f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

      g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

      h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

17. Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty. Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that

10

the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

18. Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction of no more than 121 months, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the amount and terms of any restitution order, provided it requires payment of no more than $110,221; (f) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (g) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in General Order 18-10 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

19. The USAO agrees that, provided (a) all portions of the sentence are at or above the statutory minimum and at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of no less than 97 months, the USAO gives up its right to appeal any portion of the sentence (a) the amount of restitution ordered if that amount is less than $110,221.

RESULT OF WITHDRAWAL OF GUILTY PLEA

20.  Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

RESULT OF VACATUR, REVERSAL OR SET-ASIDE

21.  Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the Court to resentence defendant on any remaining count of conviction, with both the USAO and defendant being released from any stipulations regarding sentencing contained in this agreement, (b) ask the Court to void the entire plea agreement and vacate defendant's guilty plea on any remaining count of conviction, with both the USAO and defendant being released from all their obligations under this agreement, or (c) leave defendant's remaining conviction, sentence, and plea agreement intact.  Defendant agrees that the choice among these three options rests in the exclusive discretion of the USAO.

### EFFECTIVE DATE OF AGREEMENT

22. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

### BREACH OF AGREEMENT

23. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

24. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

    a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

    b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any

speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

     c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

25. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

26. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it

chooses to impose are not error, although each party agrees to maintain its view that the sentencing calculations set forth above are consistent with the facts of this case. This paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the Factual Basis or Sentencing Factors agreed to in this agreement.

27. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

28. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

///
///
///
///
///

15

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

29. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

NICOLA T. HANNA
United States Attorney

THOMAS F. RYBARCZYK           August 9, 2019
JEFFREY M. CHEMERINSKY        Date
Assistant United States Attorney

MYRON CROSBY                  8/9/2019
Defendant                     Date

ANTHONY EAGLIN                8-9-19
Attorney for Defendant MYRON CROSBY   Date

16

## CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_/s/ Myron Crosby_                         8/9/2019

MYRON CROSBY                               Date
Defendant

## CERTIFICATION OF DEFENDANT'S ATTORNEY

I am MYRON CROSBY'S attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.

_/s/ Anthony Eaglin_____     _8-9-19_____
ANTHONY EAGLIN                       Date
Attorney for Defendant MYRON CROSBY