1  ANTHONY EAGLIN (No. 148012)
   (E-mail: eaglinlaw@gmail.com)
2  Attorney at Law
   One Wilshire Building
3  624 S. Grand Ave., 22nd Floor
   Los Angeles, California  90017
4  Telephone (213) 629-8734
   Facsimile (213) 629-8735
5
   Attorney for Defendant
6  MYRON CROSBY

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10                   WESTERN DIVISION

11

12 UNITED STATES OF AMERICA,    )   NO. CR 18-468-SJ0-2
                                )
13              Plaintiff,      )
                                )   DEFENDANT'S POSITION RE:
14       v.                     )   SENTENCING FACTORS
                                )
15 MYRON CROSBY,                )   Date:  November 25, 2019
                                )   Time: 9:00 a.m.
16              Defendant.      )
                                )
17 _____  )

18

19
       Defendant, Myron Crosby, by and through his counsel of record Anthony
20
   Eaglin, hereby submits defendant's position re: sentencing factors for the Court's
21
   consideration at the time of sentencing.
22

23                                Respectfully submitted,

24

25

26
   DATED: November 6, 2019     By_____*/s/ Anthony Eaglin*_____
27                                ANTHONY EAGLIN

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.
### Introduction

On August 9, 2019, Myron Crosby, pleaded guilty to Count Six an 8-count first superseding indictment in which he is named with William Crosby. Count Six of the indictment charges a violation of 18 U.S.C. § 2114 (a), Robbery of United States Property. Mr. Crosby entered a guilty plea pursuant to written plea agreement where the parties agreed to certain sentencing factors. Sentencing is currently set for November 25, 2019.

The Guideline Presentence Report (PSR) was prepared and disclosed on October 21, 2019. The PSR found a total offense level of 30, Criminal History Category I, for a sentencing range of 97 to 121 months. The probation officer submitted a confidential sentencing recommendation to the court.

There are no factual inaccuaracies in the PSR. However, Ms. Crosby objects to certain guideline applications. In particular, Mr. Crosby contends the following: (1) he is entitled to a 2 level reduction for minor role, pursuant to § 3B1.2 (b); and (2) a 2 level enhancement for multiple count adjustment pursuant to § 3D1.4 is unwarranted. With a criminal history category I, the resulting total offense level is 26 and guideline range of 63 to 78 months.

Moreover, the appropriate sentence under the circumstances of this case, and after a consideration of all the 18 U.S.C. § 3553 (a) factors, notwithstanding the advisory guidelines sentencing range is a sentence at the low end of the range, a sentence of 63 months.

## II.

## Defendant's Position

### A. Defendant Should Receive a 2 Level Reduction For Minor Role

Where the offense is committed by more than one criminally responsible participant, U.S.S.G. §§ 3B1.1 and 3B1.2 provide for a range of adjustments based on aggravating and mitigating roles. To qualify for an aggravating role adjustment, the defendant must have been the organizer, leader, manager, or supervisor of one or more other participants. To qualify for a mitigating role adjustment, the defendant must have played a part in committing the offense that makes him/her substantially less culpable than the average participant.

In this instant robbery defendant was not a leader, manager or organizer of the offense; nor did he commit the actual robbery. His only participation was to follow along and act as a "lookout" for the robbery.

Guideline § 3B1.2. (b) provides for a two level decrease if a defendant was a minor participant in any criminal activity. Application Note 5 provides that a minor role adjustment applies to a defendant who is less culpable than most other participants, but whose role could not be described as minimal. Application Note 3 states, "**For example, a defendant who is convicted of a drug trafficking offense, whose role in that offense was limited to transporting or storing drugs and who is accountable under § 1B1.1 only for the quantity of drugs the defendant personally transported or stored is not precluded from consideration for an adjustment under this guideline.**" U.S.S.G. § 3B1.2, Application Note 3(A) (emphasis added).

Here, Crosby's sole role was that of a lookout. He was not a postal worker or had any inside information as to plan the robbery; was not the leader, manager, or organizer; nor did he commit the actual robbery. Accordingly, a minor role adjustment is appropriate.

3

### B. A 2 Level Enhancement For Multiple Count Adjustment Is Unwarranted

Myron Crosby pled guilty to Count 6 of the first superseding indictment that charges a single count of Postal Robbery occurring on March 1, 2018. He pled guilty pursuant to a written plea agreement where the government agreed to dismiss all remaining counts at the time of sentencing. The PSR concluded that the February 1 and March 1, 2018 robberies were part of a "jointly undertaken criminal activity." As such he should be held accountable as if convicted of 2 separate count of robberies.

The PSR is in error. U.S.S.G. § 1B3, Application Note 3 defines a jointly undertaken criminal activity as "a criminal plan, scheme, endeavor, or enterprise undertaken by defendant in concert with others, whether or not charged as a conspiracy." The February 1 and March 1 robberies were neither a criminal plan, scheme, endeavor, or enterprise. They were simply 2 separate robberies.

Moreover, the PSR concluded that because Mr. Crosby's plea agreement establishes the commission of the February 1 robbery, for guideline purposes this robbery is treated as if convicted, thus the utilization of the multiple count adjustment.

Again the PSR is in error. U.S.S.G. § 1B1.2 (.c) provides that "a plea agreement (written or made orally on the record) **containing a stipulation that specifically establishes the commission of additional offense(s)** shall be treated as if the defendant had been convicted of additional count(s) charging those offense(s)." Myron Crosby's plea agreement did not contain a stipulation "that specifically established the commission of additional offense(s)." The parties stipulated and agreed that Myron Crosby would plead guilty to Count 6 and the government would dismiss the remaining counts. The parties agreed to certain sentencing factors, none of which addresses multiple count adjustments or enhancement therefor. The parties further agreed that certain facts within the plea agreement was "sufficient to support pleas of guilty to the charges described in this agreement and to establish the

Sentencing Guidelines factors set forth below. ..." The agreed upon factual basis for the plea as well as the sentencing factors in the plea agreement without an agreed upon sentencing enhancement or specific reservation to argue for a specific enhancement is not a stipulation that specifically establishes the commission of additional offenses within the contemplation of U.S.S.G. § 1B1.2.

Accordingly, a 2 level enhancement for Multiple Count Adjustment is unwarranted.

Thus, the resulting guideline calculation should be as follows:

| | | |
|---|---|---|
| Base Offense Level | 20 | [U.S.S.G. § 2B3.1] |
| Property of Post Office | +2 | [U.S.S.G. § 2B3.1 (b)(1)] |
| Use of Firearm | +6 | [U.S.S.G. § 2B3.1 (b)(2)] |
| Restraint of Victim | +2 | [U.S.S.G. § 2B3.1 (b)(4)(B)] |
| Loss | +1 | [U.S.S.G. § 2B3.1 (b)(7)] |
| Minor Role | -2 | [U.S.S.G. § 3B1.2 (a)] |
| Acceptance of Responsibility | <u>-3</u> | [U.S.S.G. § 3E1.1 (a)(b)] |

**Total Offense Level**         26
**Criminal History Category**   I
**Guideline Range**             63 to 78 months

### B. Sentencing Considerations

This Court has a duty to consider all of the 18 U.S.C. § 3553(a) factors in determining the appropriate sentence in Mr. Crosby's case, and the defense therefore addresses those factors and relevant case law below. There are a number of equitable factors for the Court to consider in this case.

### 1. The Court Must Impose the Least Punitive Sentence That Fulfils the Goals of Sentencing

The Sentencing Guidelines are no longer mandatory, United States v. Booker, 543 U.S. 220 (2005), and a "district court may not presume that the Guidelines range is reasonable," United States v. Carty, 520 F.3d 984, 991 (9th Cir. 2008) (en banc); see Rita v. United States, 127 S. Ct. 2456, 2465 (2007). The Guidelines are entitled to no more weight than any of the other 18 U.S.C. § 3553(a) sentencing factors. Carty, 520 F.3d at 991; United States v. Cantrell, 433 F.3d 1269, 1279-80 (9th Cir. 2006). In the post-Booker world, this Court is required to fashion a sentence that is appropriate when taking into account all of the section 3553(a) factors. Gall v. United States, 128 S. Ct. 586, 596 (2007); Carty, 520 F.3d at 991.

The overarching duty imposed on this Court by Congress is to arrive at a sentence sufficient but not greater than necessary to achieve the goals of sentencing. See 18 U.S.C. § 3553(a); Kimbrough v. United States, 128 S. Ct. 558, 575 (2007); Carty, 520 F.3d at 991. In Kimbrough, the Supreme Court stressed that this parsimony principle is the most important factor in a court's sentencing decision. 128 S. Ct. at 575; see Carty, 520 F.3d at 991. Through the directive of parsimony, Congress embedded in federal sentencing legislation the moral imperative to impose on any individual the least suffering that is demanded by the general welfare.

It is also critical for the Court to understand that its charge is emphatically not to impose a "reasonable" sentence, but to impose a particularized sentence minimally sufficient to accomplish the statutory purposes of sentencing. See Carty, 520 F.3d at 991 ("The district court must make an individualized determination based on the facts."). The question of reasonableness is for appellate review. See Rita, 127 S. Ct. at 2465. This Court should sentence Mr. Crosby to a term sufficient but not greater than necessary to achieve the goals discussed below.

### 2. Nature and Circumstances of the Offense

The nature of the offense is described in the PSR.  William Crosby, a United States Postal Service Employee, used his specialized USPS knowledge to organize and successfully complete the robberies.  Myron Crosby assisted in a February 1, and March 1, 2018 postal robbery by riding along and acting as a look out.

### 3. History and Characteristics of the Defendant

Myron Crosby is 28 years old.  He was born in the Central District of California.  He is single and has never married.  However, he has one minor child. He has 6 paternal half siblings and 2 maternal half siblings.  He attended school in the Central District of California until age 14..  At the age of 14 he went to live with relatives in Maryland.  He completed High School and attended a Community College there where he enrolled in finance classes.  In 2012, Mr. Crosby earned a real estate license in the Central District of California.  PSR at 71 - 80.

Following school, Mr. Crosby has a history of gainful employment.  He has a professional licence as a real estate agent and has held job positions as a leasing agent, manager of a home improvement store, and being self employed in the car rental business.  PSR at 94 - 98.

### 4. Just Punishment, Deterrence, and Public Protection.

The PSR determined a total offense level of 30 and Criminal History Category I, for a guideline sentencing range of 97 to 121 months.  The probation officer submitted a confidential recommendation to the court.  The recommendation is persumably within that range.  However, a proper calculation of the guidelines would result in a range of 63 to 78 months.  The PSR's recommendation, albeit it confidential, does not account for the proper calculation of the guidelines.  Nonetheless, there can be no doubt that there is a strong societal interest in punishing

individuals who are involved in offenses such as the instant offense. Mr. Crosby merely requests that the court temper its punishment with wisdom, understanding, defendant's role in the offense, and the enumerated factors.

The offense of conviction does not mandate a mandatory minimum sentence. The sentencing guidelines are also advisory. Moreover, the Court should consider Mr. Crosby's lack of criminal history points, the influence of an older sibling, and more importantly his role in the instant offense; that of a look out.

After a consideration of all of the 3553 (a) factors, a sentence of 63 is sufficient but not greater than necessary to achieve the objective of sentencing.

## III.
## Conclusion

For the foregoing reasons, it is respectfully requested that the Court find that defendant is deserving of a minor role adjustment. It is further requested that the Court find that the Multiple Count adjustment is unwarranted. It is finally requested that this Court, notwithstanding any of its findings or conclusions, impose a sentence of 63 months.

Respectfully submitted,

DATED: November 6, 2019        By _____/s/ Anthony Eaglin_____
                                  ANTHONY EAGLIN

8